No. 3270

Second Circuit

DAUTERIVE  LUMBER  CO.,  INC.,  v. BURNAMAN

(June 28, 1928.  Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana  Digest—Evidence—Par.  340, 344, 347, 351.**
As against the positive testimony of the defendant "in the mouth of two or three witnesses shall every word be established."

Appeal from the Ninth Judicial District Court, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by Dauterive Lumber Company, Inc., against Alonzo B. Burnaman.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

B. T. Dawkins; W. C. Roberts, of Alexandria, attorneys for plaintiff, appellee.

G. P. Whittington; Lee J. Nove, of Alexandria, attorneys for defendant, appellant.

REYNOLDS, J. This is a suit to recover $191.67 with legal interest thereon from January 22, 1927, on open account as the price of merchandise sold and delivered to defendant by plaintiff.

Defendant denied that he purchased the goods from plaintiff and alleged that he contracted with one Edgar Laborde to build a residence for him and that Laborde was to provide all the labor and material

therefor; that the building contract was duly recorded as required by law; that the building was constructed by the contractor and accepted by him and his acceptance spread upon the records of Rapides Parish and published as required by law; and that if the material the price of which is sued for was used by Laborde in the construction of the residence he, defendant, is not liable therefor.

On these issues the case was tried and there was judgment in favor of the plaintiff as prayed for and defendant appealed.

## OPINION

The record presents for our decision only a question of fact, namely: whether or not defendant purchased from plaintiff the goods whose price is sued for.

The defense set up by defendant, that the building on which the material the price of which is sued for was used was erected by Edgar Laborde under contract between him and defendant has no application here for the reason that plaintiff is not seeking to hold defendant for the price of goods sold by it to Laborde, but for the price of goods sold by it to defendant himself, and with the purchase of which Laborde was in no way connected.

S. J. Dauterive testified:

"Q. Mr. Dauterive, what position do you occupy with the plaintiff company?
"A. I am president and manager.
"Q. Are you familiar with the accounts of that concern?
"A. I am.
"Q. I hand you account against L. B. Burnaman showing a balance due of $191.67, and ask you if this balance is true and correct?
"A. Yes, sir, it is.
"Q. Is the amount shown on this account still due and unpaid, Mr. Dauterive?
"A. It is."
H. F. Cariker testified:

"Q. Mr. Cariker, were you employed by the Dauterive Lumber Company, Inc., during the months of January, February and March, 1927?
"A. I was.
"Q. What position do you occupy with the Dauterive Lumber Company, Inc.?
"A. Salesman.
"Q. Do you know the defendant, A. B. Burnaman?
"A. I do.
"Q. During the months just stated, that is, January, February and March, do you recall any transaction or whether called on by Mr. Burnaman for your concern?
"A. I personally sold Mr. Burnaman the roof for this house being erected by Mr. Laborde out on Monroe street during that time.
"Q. Did you complete the transaction entirely and solely with Mr. Burnaman?
"A. I did.
"Q. Then Mr. Burnaman himself ordered the roof and materials?
"A. He did."
Edgar Laborde testified:

"Q. Well, if the contract called for a roof to be furnished by Carroll, how is it you accepted a roof from the Dauterive Lumber Company?
"A. Because he bought it and I wanted to put on what he bought.
"Q. Then you were supposed to have agreed to that kind of roof?
"A. No, it was all paid, the difference. I told him he would have to pay the difference if he wanted to get the red.
\* \* \* \*
"Q. You talked to Mr. Burnaman about this roof in Mr. Cariker's presence?
"A. No, I don't believe I did; Mr. Burnaman and myself talked about the roof before they came, and when those gentlemen came I went to work and left them talking together, and the next thing I knew the roof was coming, and he told me to put on the Johns-Manville roof. And it was there.
\* \* \* \*
"Q. You don't know who ordered the roof, since you say you didn't order it; you don't know who ordered it from the Dauterive Lumber Company, Inc.?
"A. Mr. Burnaman told me he did."

The evidence makes it clear to us that defendant purchased from the plaintiff the

merchandise described on the account sued on, that the account is correct and that the amount has not been paid. The District Judge evidently took the same view of the case, as he gave plaintiff judgment for the amount sued for.

We find no error in the judgment appealed from and accordingly it is affirmed.